Carroll,
No. 5517.

JOHN HAYFORD & a.

v.

CENTURY INSURANCE COMPANY.

Argued November 1, 1966.
Decided December 20, 1966.

*L. Hamlin Greene* for the plaintiffs, filed no brief.

*Devine, Millimet, McDonough, Stahl & Branch ( Mr. Shane Devine* orally ), for the defendant.

PER CURIAM. This case originated upon defendant's motion to dismiss an action to recover the face amount ( $4,000 ) of a fire insurance policy issued on May 17, 1961 by the defendant to the plaintiff John Hayford. The Trial Court found that the plaintiff understood that the fire insurance policy insured the smaller of two properties ( which burned ), while the defendant's agent understood the larger property was meant. The plaintiffs had no insurable interest in the larger property. The description in the fire insurance policy " . . . would fit either of the properties. " The case was reserved and transferred without ruling to this court.

In *Hayford* v. *Century Insurance Co.*, 106 N. H. 242 ( to which reference may be made for a more complete statement of facts ) this court remanded the case for additional findings of fact on the question of whether either party knew or had reason to know of the meaning actually attached to the policy by the

other. In remanding the case, the court stated in the first two paragraphs of the opinion at page 245 the factual basis necessary to entitle the defendant to rescission of the fire insurance policy and preclude recovery by the plaintiff and in the third paragraph the factual basis for a recovery by the plaintiff.

After hearing on remand the Court made the following findings and ruling: " Court finds that the plaintiff in fact made no representation such as the agent testified to, and did not cause, or have reason to know of, the agent's misunderstanding but reasonably understood from the description of the insured property in the policy prepared by the agent that the smaller property was insured. Verdict for the plaintiff in the sum of $4,000.00. " The defendant's exceptions were reserved and transferred by *Loughlin*, J.

The defendant contends that in the circumstances of this case if the intent of the parties is judged by objective standards ( *McConnell* v. *Lamontagne*, 82 N. H. 423, 425, 426 ), the plaintiff's claim cannot be reasonably believed. It is pointed out that the plaintiff knew the smaller property had been offered for sale by his mother for $1,500 in 1953 ( which was some eight years before the issuance of the policy ); and that he also had reason to know that the insurance agent knew that the larger property more closely approximated in value the amount of the insurance which the insurance agent was requested to write. While these contentions have force, it does not follow that the Trial Court is compelled as a matter of law to return a verdict for the defendant. " Although the test in such situations as this has been put in innumerable ways and often at great length it all boils down to this — could reasonable persons have believed the plaintiff? " *Wilson* v. *Bank*, 95 N. H. 113, 116; *Allstate Ins. Co.* v. *Chatigny*, 103 N. H. 81, 84. By his findings the Trial Court, who saw and heard the witnesses, has determined that the plaintiff did not make the representations testified to by the insurance agent and that he did not cause or have reason to know of the agent's misunderstanding in writing the fire insurance. These were permissible findings on the evidence even though it can be argued they were not compelled by the evidence. *Hayford* v. *Century Insurance Co.*, 106 N. H. 242, 245; 3 Corbin, Contracts, *s.* 599. The defendant's exceptions are overruled and the order is

*Judgment on the verdict.*